**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **ENGINEERS JOINT WELFARE, PENSION,** | |
| **SUPPLEMENTAL UNEMPLOYMENT BENEFIT** | |
| **AND TRAINING FUNDS, by Daniel P. Harrigan,** | |
| **as Administrator; OPERATING ENGINEERS** | **5:05-CV-0741** |
| **LOCAL 17 TRAINING FUND, by Frederick Eye,** | **(NAM/GHL)** |
| **as Administrative Manager; CENTRAL PENSION** | |
| **FUND OF THE INTERNATIONAL UNION** | |
| **OF OPERATING ENGINEERS AND** | |
| **PARTICIPATING EMPLOYERS,** | |
| **by Michael R. Fanning, as Chief Executive** | |
| **Officer; INTERNATIONAL UNION OF** | |
| **OPERATING ENGINEERS, LOCAL UNION** | |
| **NO. 17, by Mark N. Kirsch, as Business Manager;** | |
| **and INTERNATIONAL UNION OF OPERATING** | |
| **ENGINEERS, LOCAL UNION NO. 463,** | |
| **by Clyde J. Johnson, Jr., as Business Manager,** | |

                            **Plaintiffs,**

**v.**

**SHIR-BILL CONCRETE PUMPING, INC.,**
**PAULETTE S. REED, Individually,**
**and as an Officer of Shir-Bill Concrete Pumping, Inc.,**
**and SHIRLEY REED, Individually,**
**and as an Officer of Shir-Bill Concrete Pumping, Inc.**

                            **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL:** |
|---|---|
| **Blitman & King LLP** | **Jennifer A. Clark, Esq.** |
| *For Plaintiffs* | |
| Franklin Center, Suite 300 | |
| 443 North Franklin Street | |
| Syracuse, New York 13204 | |

**HON. NORMAN A. MORDUE, Chief U.S. District Judge:**

                    **MEMORANDUM DECISION AND ORDER**

                              **Introduction**

Plaintiffs move for reconsideration of so much of the Court's Memorandum-Decision and Order as referred plaintiffs' request for entry of an award of damages and an order permitting an audit, in connection with their motion for default judgment, to United States Magistrate Judge George H. Lowe[1] for the purpose of conducting a hearing. *See* Dkt. No. 11. Plaintiffs contend that the Court's decision in this regard was "clearly erroneous" because the damages at issue are a "sum certain" and they could have applied to the Clerk of the Court for an entry of an award of damages. Plaintiffs assert that in any event they submitted sufficient evidence showing the amount of damages to which they are entitled and that they are entitled to an order requiring defendants to submit to an audit of their books and records. Alternatively, plaintiffs seek permission to submit supplemental affidavits showing damages, in lieu of a hearing.

**Background**

By Memorandum-Decision and Order dated April 24, 2006, the Court granted plaintiffs' motion for default judgment finding that plaintiffs adequately alleged that defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), by failing to timely remit fringe benefit contributions and deductions to plaintiffs from July 2003 and November 2004. In their motion for default judgment, plaintiffs also sought an award of damages in the amount of the delinquent contributions and deductions, interest, liquidated damages, and attorney's fees and costs. In support of their request, plaintiffs submitted a number of documents introduced through an affidavit by their attorney who did not purport to have personal knowledge.

---

[1] The Court, in its Memorandum-Decision and Order, referred this matter to United States Magistrate Judge Gustave J. Di Bianco. By Order entered on April 27, 2006, Magistrate Judge Di Bianco recused himself from this action and it was reassigned to Magistrate Judge Lowe.

Thus, the Court declined to enter an award of damages in the absence of evidence in admissible form substantiating plaintiffs' claimed damages and referred the matter to Magistrate Judge Lowe for a hearing on damages and to determine the scope of the audit. The Court retained jurisdiction over this action pending the findings of the audit.

## Discussion

The principal grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000). Plaintiffs contend that the Court should have awarded damages based on the allegations in the complaint because they could have obtained an entry of judgment by the Clerk of the Court pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs, however, sought entry of default judgment by the Court pursuant to Rule 55(b)(2), which provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b)(2). Thus, under Rule 55 (b)(2), although "all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true . . . plaintiffs must prove damages before the entry of a final default judgment." *Del Turco v. G.M. Celona Ceramic Tile*, No. 04 CV 0505, 2006 WL 859310, at *2 (E.D.N.Y. Mar. 28, 2006).

In this case, the Court found that the documents on which plaintiffs relied to establish damages were not in admissible form because they were introduced through an affidavit by their attorney, who lacked personal knowledge of the facts asserted and documents attached. Plaintiffs

3

seek an award of damages based on their calculation of the amount of contributions and deductions they contend defendants failed to remit. Plaintiffs also seek, pursuant to ERISA, an award of damages that includes interest, liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2)(A-D). Even assuming that interest and liquidated damages may be ascertained through mathematical calculation, they depend on the amount of contributions and deductions defendants failed to remit, of which there is no evidence in admissible form. Thus, the Court found it necessary "to establish the truth" of plaintiffs' unsubstantiated averment of damages "by evidence" prior to entering an award of damages, *see* Fed. R. Civ. P. 55(b)(2), and referred the matter to Magistrate Judge Lowe for further inquiry. Moreover, while plaintiffs submitted evidence substantiating their claim for attorney's fees and costs, such fees and costs cannot be ascertained until the damages proceeding is complete. Thus, the Court was well within its authority to withhold an award of attorney's fees and costs pending completion of the damages inquest. Finally, there was no error in the Court's decision to refer the issue regarding the scope of the audit to which plaintiffs are entitled to Magistrate Judge Lowe in the absence of evidence in admissible form regarding the extent of an audit to which they are entitled under the terms of the relevant agreements.

      Although plaintiffs cite several district court cases in support of their assertion that the Court could have relied on the documents submitted through their attorney's affidavit in awarding damages, this proposition is contrary to Second Circuit precedent. For example, in *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, the Second Circuit found that the district court did not have sufficient evidence to make a damages award where "the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have

personal knowledge of the facts, asserting an amount of damages sustained by plaintiff as a result of defendant's failure to deliver the securities." 183 F.3d 151, 155 (2d Cir. 1999). The Second Circuit explained "this was insufficient evidence upon which to enter the amount of the judgment. Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Id*. Thus, where, as here, plaintiffs presented no evidence in support of their averment regarding the amount of contributions and deductions defendants were delinquent in remitting, there was no basis on which to make a damages award. Accordingly, plaintiffs' motion for reconsideration is denied.

Plaintiffs alternatively request, in lieu of a hearing, the opportunity to submit supplemental affidavits showing damages. "It [is] not necessary for the District Court to hold a hearing" so long as the court "ensures that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc*., 873 F.2d 38, 40 (2d Cir. 1989). Since affidavits based on personal knowledge and documents in admissible form may provide a basis for the damages sought in this case, plaintiffs' request is granted.

**Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' request for the opportunity to submit supplemental affidavits showing damages to Magistrate Judge Lowe, in lieu of appearing for a hearing showing damages is granted, and it is further

**ORDERED** that plaintiffs are directed to submit to Magistrate Judge Lowe their request to submit supplemental affidavits in lieu of a hearing on or before October 30, 2006, otherwise Magistrate Judge Lowe will schedule a hearing in this matter; and it is further

**ORDERED** that plaintiffs' motion for reconsideration is otherwise denied it its entirety.

**IT IS SO ORDERED.**

DATE:  October 16, 2006

_____
Norman A. Mordue
Chief United States District Court Judge